**IN THE**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ALEXANDER SMIRNOV, | ) C.A. No. 24-970 |
| | ) D.C. No. 24-cr-00091 |
| Petitioner-Defendant, | ) (Central Dist. Cal.) |
| | ) |
| v. | ) |
| | ) **GOVERNMENT'S MOTION TO** |
| UNITED STATES DISTRICT | ) **DISMISS AND RESPONSE TO** |
| COURT FOR THE CENTRAL | ) **PETITION FOR A WRIT OF** |
| DISTRICT OF CALIFORNIA, | ) **MANDAMUS; MEMORANDUM** |
| | ) **OF POINTS & AUTHORITIES;** |
| Respondent. | ) **DECLARATION OF COUNSEL** |
| | ) |

Respondent United States of America moves this Court to dismiss Petitioner-Defendant's Petition for a Writ of Mandamus and, in the alternative, submits a response to the Petition. The United States is a Respondent pursuant to Federal Rule of Appellate Procedure 21(a)(1).

Dismissal is appropriate because Petitioner-Defendant was arrested in the District of Nevada and transported to the Central District of California on February 23, 2024, by the United States Marshals Service. He is detained in the Central District of California pending a detention hearing before the district court on February 26, 2024. Since Petitioner-Defendant requests mandamus to prevent his removal from the District of Nevada, his appeal should be dismissed as moot.

Even if the Petition were not moot, it should be denied because the United States District Court for the Central District of California was the court of original jurisdiction in this matter and had the authority, pursuant to 18 U.S.C. § 3145, to revoke the pretrial release order of the arresting district and issue a warrant for Petitioner-Defendant's arrest and transportation to the Central District of California.

This motion is made pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-9.2, and is based on the attached Memorandum of Points and Authorities, accompanying exhibits and declaration, and the record in this case.

DATED: February 24, 2024          Respectfully submitted,

DAVID C. WEISS
Special Counsel

LEO J. WISE
Principal Senior Assist. Spec. Counsel

_____
DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

Attorneys for Respondent
UNITED STATES OF AMERICA

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The United States District Court for the Central District of California (hereafter "the district court") is the court of original jurisdiction in this matter. Therefore, pursuant to 18 U.S.C. § 1345, that court, and that court alone, had jurisdiction to hear the government's motion for revocation of a release order issued in the arresting district, the District of Nevada. Because the district court had the statutory authority to revoke the release order issued in the District of Nevada, it had the authority to issue an arrest warrant to take Petitioner-Defendant into custody and order his transportation to the Central District of California. Although not required to do so, the district court has scheduled a second detention hearing in this matter for February 26, 2024, a mere one business day and three calendar days after Petitioner-Defendant's arrest. At that time, Petitioner-Defendant will have the opportunity to make arguments that he should be released and has now submitted a filing to that effect in the district court.

Petitioner-Defendant is currently in the Central District of California. Therefore, his Petition for a Writ of Mandamus where he asks

1

this Court to "prevent Judge Wright from removing him from the District of Nevada, which presently has jurisdiction over him," is moot and should be dismissed.

Even if his Petition were not moot, this Court should nonetheless dismiss it because Petitioner-Defendant fails to carry his burden to establish that mandamus is appropriate under this Court's precedent in *Bauman v. United States Dist. Ct.*, 557 F.2d 650 (9th Cir. 1977). Petitioner-Defendant has the ability to contest his detention at the detention hearing the district court has scheduled for February 26, 2024, and will have a right to a direct appeal to this Court thereafter. Thus, he will not be damaged or prejudiced in a way not correctable on appeal. Because the district court is the court of original jurisdiction in this matter, its order revoking the arresting district's release order and issuance of an arrest warrant directing the transportation of Petitioner-Defendant to the Central District of California is correct. Moreover, because the district court's actions are authorized by statute, this is not error, let alone an "oft-repeated one," as he contends. Nor does the court's order raise new and important problems or issues of law of first

impression. The district court has simply exercised authority conferred on it by statute in a fashion similar to district courts across the country.

## II. FACTUAL AND PROCEDURAL HISTORY

On February 14, 2024, a federal grand jury in the Central District of California returned a two-count indictment charging Petitioner-Defendant with one count of making false statements to federal law enforcement, in violation of 18 U.S.C. § 1001 (Count One), and one count of creating a false and fictitious record in a federal investigation, in violation of 18 U.S.C. § 1519 (Count Two). ECF 1.[1] According to the indictment returned by a Central District of California grand jury, he made false statements to the FBI after repeatedly being admonished that he must be truthful. *Id.* at pp. 2-3. Moreover, he committed obstruction when he fabricated allegations about Public Official 1 after expressing bias against Public Official 1 and his candidacy. *Id.* at pp. 4, 37. He provided false information after he said he met with officials associated with Russian intelligence. *Id.* at p. 4, ECF 11 at 10-19.

---

[1] References to "ECF" are to the underlying District Court record in *United States v. Smirnov*, Cr. No. 2:24-cr-00091-ODW (C.D. Cal.).

3

On February 14, 2024, Petitioner-Defendant was arrested in the District of Nevada at the Harry Reid International Airport in Las Vegas after entering the United States on an inbound flight. ECF 11 at pp. 4-5. Petitioner-Defendant had plans to leave the United States a few days later for a months-long, multi-country trip that, by his own description, involved meetings with officials of foreign intelligence agencies and governments. *Id.* These intelligence sources could permanently resettle him outside the United States in Russia or another country where he could avoid extradition. *Id.* at 10.

He also lied to United States Pretrial Services immediately after his arrest when he failed to disclose over $6 million in liquid funds to which he had access in two bank accounts. *Id.* at pp. 1-2, 19-21. Instead, he claimed he had access to $5,000 in a personal checking account and $1,500 cash. ECF 11, Exh. 11 at p. 2.

Petitioner-Defendant is a dual-U.S./Israeli citizen and can obtain a new Israeli passport at any time by visiting an Israeli consulate. ECF 11 at p. 4. He has no ties to the community in Nevada other than a girlfriend. ECF 11, Exh. 11 p. 1.

4

On February 15, 2024, Petitioner-Defendant had an initial appearance in the District of Nevada. *Id.* at p. 5. The government moved for detention pursuant to 18 U.S.C. § 3142(f)(2)(a) and (b) on the basis that Petitioner-Defendant posed a serious risk of flight and a serious risk of obstruction of justice. *Id.*

On February 20, 2024, United States Magistrate Judge Daniel J. Albregts of the United States District Court for the District of Nevada held a detention hearing. *Id.* At that hearing, the magistrate judge found the government had proven that Petitioner-Defendant posed a risk of flight by a preponderance of the evidence but that the government had not proven by a preponderance of the evidence that no condition or combination of conditions could reasonably assure his appearance. ECF 33-1 at p. 36. The magistrate judge stated:

> I think it's pretty clear to this Court that Mr. Smirnov is a flight risk by a preponderance of the evidence. His dual citizenship, his possession of passports, his foreign ties, his extensive questions, and some questions about his employment and where he makes his money I think clearly rise to the level that he's a risk of nonappearance by a preponderance of the evidence.

*Id.*

5

Despite this finding, the magistrate judge ordered Petitioner-Defendant released on a personal recognizance bond and conditions. ECF 11 at 5. The magistrate judge denied the Government's request for a temporary stay of his order while it filed for a review of the bail order with the United States District Court for the District of California pursuant to 18 U.S.C. § 3145. *Id.* The hearing concluded at 4:01 p.m. and Petitioner-Defendant was released immediately thereafter. ECF 33-1 at p. 45. The magistrate judge issued a Transfer Order of the matter to the Central District of California which stated Petitioner-Defendant shall appear in the Central District of California "As Ordered." Exh. 1.

In the morning on February 21, 2024, the government filed an Application for Review/Reconsideration of Order Setting Conditions of Release pursuant to 18 U.S.C. § 3145. ECF 11. The filed Application was sent by email from the government to retained defense counsel, Mr. Schonfeld, who had represented Petitioner-Defendant at the detention hearing. Hines Decl. at ¶ 2. By mid-afternoon, Mr. Schonfeld entered his appearance in the Central District of California case. ECF 14. Petitioner-Defendant did not file any response with the district court on February 21, 2024.

6

On February 22, 2024, the district court issued a sealed arrest warrant and an order. Exh. 2. As explained in the order, the district court granted the government's motion for reconsideration and ordered that upon his arrest, Petitioner-Defendant should be brought promptly to the United States District Court for the Central District of California. *Id.* The district court in the Central District of California scheduled a detention hearing for 9:00 a.m. on Monday, February 26, 2024. Exh. 2. Petitioner-Defendant was arrested pursuant to the arrest warrant. Hines Decl. at ¶ 5.

In the morning of February 23, 2024, Petitioner-Defendant was transported by the United States Marshals Service to Los Angeles, California. Hines Decl. at ¶ 5, Exh. 3.

In the evening of February 23, 2024, Petitioner-Defendant filed a supplemental brief with this Court. Dkt.Entry 12.1. In his filing, Petitioner-Defendant did not disclose that the emergency relief he sought in his petition was now moot because he had been transported to the Central District of California earlier that morning. *Id.*

7

## III. ARGUMENT

### A.    The Petition for a Writ of Mandamus Should Be Dismissed

The United States moves to dismiss Petitioner-Defendant's Petition for a Writ of Mandamus.

#### 1.    The Petition is Moot

Petitioner-Defendant is currently in the Central District of California. Therefore, the Petition is moot because the relief sought, an order "to prevent Judge Wright from moving him from the District of Nevada, which presently has jurisdiction over him," is not available.

A case is considered moot if it has "lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions or abstract propositions of law." *Lindguist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 853–54 (9th Cir. 1985) (quotations omitted). Courts cannot take jurisdiction over a claim as to which no effective relief can be granted. *Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986). There is no justiciable controversy when the question sought to be adjudicated has been mooted by developments subsequent to the filing of the appeal. *Flast v. Cohen*, 392 U.S. 83, 95 (1968).

8

In his emergency petition for a writ of mandamus, Dkt. Entry 7.1, Petitioner-Defendant claims irreparable harm because "there is a reasonable concern that based upon the warrant from the United States District Court of the Central District of California the Petitioner may be transported out of the District of Nevada prior to a determination of the Motion." Dkt. Entry 7.1 at ¶ 5. In support of his argument, Petitioner-Defendant claimed, "[o]nce Petitioner is hauled from his home in Las Vegas to a detention cell in Los Angeles, he will have no adequate legal remedy or, indeed, any remedy at all," and "Petitioner's removal will result in him being banned in a way that cannot be remedied on appeal." Pet.-Def. Memo. of Points and Authorities at 6. Petitioner-Defendant requested mandamus relief from this Court to "prevent Judge Wright from removing him from the District of Nevada." *Id.* at 8.

The United States Marshals Service has confirmed that Petitioner-Defendant is currently housed in the Central District of California and is awaiting his detention hearing this Monday, February 26, 2024. Hines Decl. at ¶ 3, Exh. 1. Although such relief is unwarranted, this Court could not issue an order preventing Petitioner-Defendant's removal from the District of Nevada because he already is in the Central District of

9

California for his upcoming hearing. His emergency mandamus petition is therefore moot and should be denied.[2]

2.    The Issue Raised by Petitioner-Defendant is Not "Capable of Repetition, Yet Evading Review"

The exception to the mootness doctrine for controversies that are capable of repetition, yet evading review, does not apply. As the Supreme Court has held, "[t]hat exception applies 'only in exceptional situations,' where (1) 'the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *Kingdomware Technologies, Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (citing *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)); *see also*, *Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *Illinois State Bd. of*

---

[2] While Petitioner-Defendant's brief includes an additional request that this Court reassign the district court case to another judge, Petitioner-Defendant does not apply the *Bauman* factors to justify such relief in the form of a writ of mandamus. Notwithstanding that his claim for reassignment is unfounded and wholly unsupported, he has not raised this claim before the district court and has not offered any reason why such claim must be considered by this Court in an emergency mandamus petition as opposed to other ways to attain his requested relief. *See supra* at III.C.

*Elections v. Socialist Workers Party*, 440 U.S. 173, 187-88 (1979); *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

Petitioner-Defendant does not assert a reasonable expectation that he will again be arrested in the District of Nevada for the crimes charged in this indictment, released on conditions despite being found to be a flight risk, arrested pursuant to an arrest warrant from the district court after an application for review of a magistrate judge's release order, and then immediately transported to the Central District of California for a detention hearing. The Supreme Court "has never held that a mere physical or theoretical possibility was sufficient to satisfy the test stated in Weinstein. If this were true, virtually any matter of short duration would be reviewable." *Murphy,* 455 U.S. at 482.

Moreover, the challenged action was not too short in duration to be fully litigated. Petitioner-Defendant decided not to file any response to the Government's motion for review pursuant to 18 U.S.C. § 3145 until *after* he filed his mandamus petition in this Court and *after* he filed his supplemental filing in this Court, and *after* he filed two separate motions with the magistrate judge in the District of Nevada seeking to overrule the district court in the Central District of California. His decision to

11

make four separate filings in courts other than the Central District of California shows that he could have made his claims in the district court before his transport to the Central District of California. In short, the "Capable of Repetition, Yet Evading Review" exception does not apply.

**B.    The Petition Should Be Denied on the Merits Because the District Court had the Authority to Revoke the Pretrial Release Order and Petitioner-Defendant Failed to Justify the Extreme Relief of a Mandamus under *Bauman***

Petitioner-Defendant asks this Court to issue a writ of mandamus to prevent [the presiding District Judge] from removing him from the District of Nevada." For the reasons explained below, Petitioner-Defendant has failed to satisfy his very high burden for obtaining mandamus relief.

Mandamus presents a "drastic" remedy to be employed "only in extraordinary situations." *Bauman v. United States Dist. Ct.*, 557 F.2d 650 (9th Cir. 1977) (quoting *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976)). "A mandamus petitioner bears the burden of establishing that 'right to issuance of the writ is clear and indisputable.'" *Bozic v. United States Dist. Ct.*, 888 F.3d 1048, 1052 (9th Cir. 2018) (quoting *Cheney v. United States Dist. Court*, 542 U.S. 367, 381 (2004) (internal quotation marks omitted)). "Even when a petitioner has carried this

12

burden, we may not grant relief unless we are 'satisfied that the writ is appropriate under the circumstances.'" *Id.* (quoting *Cheney*, 542 U.S. at 381). The Ninth Circuit applies "five specific guidelines" when deciding the applicability of this extraordinary and rare authority:

> (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. . . . (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court's order raises new and important problems, or issues of law of first impression.

*Id.* at 654-55 (internal citations omitted).

Petitioner-Defendant fails to carry his substantial burden to justify this extreme relief. Indeed, as demonstrated below, all of the *Bauman* factors, individually and collectively, counsel against the use of mandamus here.

1.  <u>Petitioner-Defendant Has Other Means To Attain Relief Including Through The District Court And Proper Appeal To This Court</u>

Petitioner-Defendant asks this Court to "prevent [the Central District of California] from removing him from the District of Nevada," and "return to the parties to the *status quo* as it existed at the conclusion

of the detention hearing and release order on February 20, 2024." As explained above, this claim is moot. Even if the claim was not moot, although Petitioner-Defendant couches his relief as a request to remain in the District of Nevada, what he really wants is an opportunity to be heard on the issue of detention (as outlined in his Emergency Motion for Immediate Detention Hearing and Release on Previously Imposed Conditions, *United States v. Smirnov*, 2:24-MJ-166-DJA (D. Nev.), ECF 24). As explained below, Petitioner-Defendant will have that opportunity less than 48 hours from now.

Petitioner-Defendant does not satisfy the first *Bauman* factor because other adequate means are readily available to him; indeed, he is currently apprising himself of those appropriate avenues in due course. Specifically, the district court—that is, the court of original jurisdiction, given the indictment in the Central District of California that precipitated this arrest and detention—has scheduled a detention hearing for this Monday, February 26, 2024, at 9:00 am. In anticipation of the hearing, Petitioner-Defendant already has filed, on February 23, 2024, an opposition to the government's application for review of the magistrate judge's bail order, setting forth his arguments in favor of

14

release. *See United States v. Alexander Smirnov*, 2:24-cr-91 (C.D. Cal.), ECF 33.

Petitioner-Defendant's detention, undoubtedly, will be addressed at that hearing by the district court, which—notwithstanding Petitioner-Defendant's claims to the contrary—clearly has proper jurisdiction and authority over this matter of Petitioner-Defendant's detention. *See* 18 U.S.C. § 3145(a) ("If a person is ordered released by a magistrate judge, . . . (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order[.]"); *see also United States v. Evans*, 62 F.3d 1233, 1234 (9th Cir. 1995); *United States v. Munchel*, 991 F.3d 1273, 1278–85 (D.C. Cir. 2021); *United States v. Cisneros*, 328 F.3d 610 (10th Cir. 2003); *United States v. El Edwy*, 272 F.3d 149, 153 (2d Cir. 2001).

Moreover, if the district court orders that Petitioner-Defendant remain detained and he seeks to further challenge that order, another adequate means to seek relief will present itself as set forth in 18 U.S.C. § 3145(c): a traditional appeal to this Court pursuant to the standard appellate procedure codified in 28 U.S.C. § 1291 (appellate review of "final decisions of the district courts"). At this time, Petitioner-Defendant

15

has a motion pending before the district court, and the district court has set a hearing that will occur in less than two days of this filing. Following that hearing, he will have the right to appeal a detention order to his Court. Petitioner-Defendant, therefore, has not shown that he is without other adequate means to seek the true relief that he is after.

2.  Petitioner-Defendant, With A District Court Hearing On Monday And The Right To Appeal To This Court Thereafter, Will Not Be Damaged Or Prejudiced In A Way Not Correctable On Appeal

Petitioner-Defendant makes almost no attempt to argue that he will suffer damage or prejudice that cannot be remedied. *See* Pet.-Def. Memo. at 6 (claiming only he will be "banned in a way that cannot be remedied on appeal"). Again, this characterization of damage and prejudice that cannot be corrected on appeal overlooks entirely the fact that the district court has set a detention hearing for this Monday morning, February 26, 2024, at which Petitioner-Defendant's opposition, and thus this matter of detention, surely will be addressed.

And, as explained above, Petitioner-Defendant is entitled to appeal the district court's detention decision in the normal course if he does not get the result that he seeks. *See* 18 U.S.C. § 3145(c) (citing 28 U.S.C. § 1291). In other words, to the extent Petitioner-Defendant considers his

16

detention damage or prejudice to be corrected on appeal, he has both a district court detention hearing, something he is not even entitled to, and, by statute, an appeal available to him even if his petition here is denied.

3.   There Was No Clear Error of Law—The District Court Had Authority to Issue an Arrest Warrant

Petitioner-Defendant asserts, without any authority, that the arrest warrant issued by the court of original jurisdiction—"one that commands the Marshal to rearrest a duly-released criminal defendant and transport him, under detention, to another state," Pet.-Def. Memo. at 7—was a clearly erroneous exercise of the district court's jurisdiction. That bald assertion finds no support in statute or case law.  Indeed, the pertinent legal authorities support the district court's exercise of jurisdiction.

To begin with, the U.S. District Court for the Central District of California is the court of original jurisdiction in this matter by virtue of Petitioner-Defendant's two-count indictment that was returned by a grand jury in that district on February 14, 2024.

Relevant here, 18 U.S.C. § 3145(a) provides, in part, that "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense[,]" the

17

government "may file, with the court having original jurisdiction over the offense, a motion for revocation of the order[.]" This means, as this Court has recognized, that the district court *where the criminal defendant is charged* is the "court having original jurisdiction over the offense," and the court, therefore, with the authority to review a magistrate's detention or release order. *See Evans*, 62 F.3d at 1234; *United States v. Gebro*, 948 F.2d 1118 (9th Cir. 1991).

In *Evans*, the defendant was indicted in the Northern District of West Virginia, from which the arrest warrant was issued, but was arrested in the District of Arizona. 62 F.3d at 1234. A United States magistrate judge in Arizona ordered that the defendant be detained, but, upon review sought by the defendant, a United States district judge in Arizona ordered that he be released, notwithstanding the government's motion to dismiss and argument that the district judge in Arizona lacked jurisdiction under 18 U.S.C. § 3145(b). *Id.* at 1234-35. The government appealed pursuant to 28 U.S.C. § 1291. *Id.* This Court, on appeal, held that it is a district judge in the original jurisdiction—*i.e.*, where the case is indicted and pending, and not a district judge in the arresting jurisdiction—who exercises proper review over a detention/release order

18

under 18 U.S.C. § 3145 ("We conclude[] . . . that this is a particular procedure that is envisioned by Rule 40 [of the Federal Rules of Criminal Procedure][3] and section 3145 that places the <u>review of the magistrate judge's order in the province of the district court where the prosecution is pending</u>, and where the bail status of the defendant ultimately will be determined during the course of that trial."). *Id.* at 1237; *see also id.* (under 18 U.S.C. § 3145, "*[t]he* court having original jurisdiction over the offense" is "the district court in which the prosecution must 'originally' be commenced in order to be sustained"); *cf. Gebro*, 948 F.2d 1118 (district court has jurisdiction to review magistrate judge's detention order *sua sponte*); *United States v. Vega*, 438 F.3d 801, 804 (7th Cir. 2006) ("The district court below correctly concluded that it did not have jurisdiction over Vega's motion for review and enforcement, and accordingly ordered that the defendant be transferred to the court of competent jurisdiction, the Eastern District of Virginia.").

---

[3] Federal Rule of Criminal Procedure 40 has since been amended on multiple occasions and portions of it have been relocated to other Federal Rules of Criminal Procedure, including Rule 5 (initial appearances). *See* Fed R. Crim. P. 40, Committee Notes on Rules—2002 Amendment.

As applied to this case, *Evans* makes clear that the Central District of California alone had the authority in the first instance, under 18 U.S.C. § 3145, to review the release order of the U.S. Magistrate Judge in the arresting jurisdiction, the District of Nevada. Here, on February 20, 2024, a U.S. Magistrate Judge in the District of Nevada, after a detention hearing, ordered Petitioner-Defendant released subject to certain conditions of release. *United States v. Smirnov*, 2:24-MJ-166-DJA (D. Nev.), ECF 17-18. Following that hearing, the magistrate judge issued an order requiring Petitioner-Defendant to appear in the Central District of California **and "[t]ransferring [b]ail" to the Central District of California**. *Id.*, Exh. 1 (emphasis added). Early the next morning, the government moved to revoke that order. ECF 11. The district court, as the "court having original jurisdiction over the offense[,]" *id.*, granted the government's motion and issued a warrant for Petitioner-Defendant's arrest so that he could appear before the Central District of California without delay. Contrary to Petitioner-Defendant's assertions that the district court erred as a matter of law and exceeded its jurisdiction, the district court, in fact, acted in accordance with the statutory process specifically designed to handle this kind of matter.

20

Indeed, the U.S. Magistrate Judge in the District of Nevada—whose release order Petitioner-Defendant sought to enforce—also recognizes that the Central District of California appropriately exercised its jurisdiction over this matter. Specifically, on February 23, 2024, the magistrate judge denied as moot Petitioner's emergency motions seeking an immediate detention hearing and release on previously imposed conditions and an order keeping Petitioner-Defendant in the District of Nevada. *United States v. Alexander Smirnov*, 2:24-mj-166-DJA (D. Nev.), Minute Order, ECF 30. In denying Petitioner's motions and vacating its order for the government to respond, the magistrate judge noted, "Given the order setting a hearing in the Central District of California, this Court no longer has jurisdiction to decide Defendant's motions . . . and **DENIES** them as moot." *Id.*

Petitioner-Defendant summarily argues that "[t]here are no provisions for the re-arrest of Petitioner," and that "[a]ny such provision would undermine the entire purpose of a criminal defendant having the right to a Rule 5 hearing in the District where he is arrested . . . ." Petition, at 6. Not true. Under the Section 3142 and Rule 5, a defendant is entitled to an initial appearance, an identity hearing, a detention

21

hearing, and various advisements—*all of which Petitioner-Defendant had* (with the exception of an identity hearing, which he waived). Thereafter, and after the magistrate judge transferred bail, the Central District of California exercised its jurisdiction to issue an arrest warrant so that Petitioner-Defendant could promptly be brought before the court of original jurisdiction. Petitioner-Defendant cites no statute or case law suggesting that the district court had no authority to issue a warrant after it has revoked an order of release—he merely asserts that it did not. Petitioner-Defendant's argument would render the authority conferred on courts of original jurisdiction to revoke release orders meaningless if they could not issue arrest warrants.[4]

---

[4] Further, Federal Rule of Criminal Procedure 9(a) provides that a court "may issue more than one warrant or summons for the same defendant." In addition, the All Writs Act, 28 U.S.C. § 1651, provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See also United States v. New York Tel. Co.*, 434 U.S. 159, 173 (1977) (the All Writs Act is applied "flexibly" and permits appellate courts to issue writs bringing prisoners to court for appropriate proceedings); *Adams v. United States ex. Rel. McCann*, 317 U.S. 269, 273 (1942) ("Unless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it.").

22

To the extent "the third factor, the existence of clear error as a matter of law, is dispositive," *Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 24 F.3d 1545, 1551 (9th Cir. 1994), as Petitioner-Defendant notes, *Evans* and the applicable law firmly weighs this factor against and closes the door on his mandamus request.[5]

### 4. This Matter Involves No Oft-Repeated Error Or Persistent Disregard Of The Federal Rules

Based on the facts and law referenced above, nothing in this matter constitutes an oft-repeated error or "manifests a persistent disregard of

---

[5] Petitioner-Defendant also claims that the District Court erred because it did not afford Petitioner-Defendant an opportunity to be heard in opposition to the government's motion for revocation. Def.-Pet. Mem. at 7. However, Petitioner-Defendant already had a detention hearing before the U.S. Magistrate Judge in Nevada. Petitioner-Defendant points to no authority suggesting that he is entitled to a second detention hearing or that the District Court could not take immediate action to reverse the magistrate judge's ruling. The District Court, as the court of original jurisdiction and as explained above, had the authority to overrule the magistrate judge based on the present record. *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1991) (holding that district court of original jurisdiction reviews magistrate judge's bail determination *de novo*, and noting that "district court, while empowered to do so, is not required to hold an evidentiary hearing when no evidence is offered that was not before the magistrate"). Nonetheless, Petitioner-Defendant is currently being afforded an opportunity to present its opposition to the District Court based on its pending filing and the hearing set for Monday morning.

the federal rules." *Bauman*, 557 F.2d at 654-55. The district court properly exercised its jurisdiction and authority in reviewing and reversing the magistrate judge's release order. Even Petitioner-Defendant concedes in his petition that this factor does not favor mandamus. *See* Pet.-Def. Mem. at 7.

5. <u>Petitioner-Defendant's Detention Is Unremarkable And Raises No New Or Important Problems Or Issues Of Law Of First Impression</u>

Based on the facts and law referenced above, nothing in this matter presents a new or important problem, or an issue of law of first impression. To the contrary, the matter here is unremarkable: A defendant indicted in one district was arrested in another, and following a detention hearing and a ruling handled by a magistrate judge, one of the parties sought the review of a district judge. These circumstances are not unique or exceptional, and they do not present any novel legal issues. This Court's precedent in *Evans* and 18 U.S.C. § 3145 demonstrate that the proceedings at issue are wholly consistent with established law and practice, as described above. Petitioner-Defendant's series of "novel, disturbing questions" are neither novel nor disturbing: The Central District of California has jurisdiction over Petitioner-

24

Defendant's case. There is no basis in law or fact to dismiss the indictment (nor does Petitioner-Defendant present any argument in support of it). The acts of the district court in this case are valid and supported by law and practice. Simply put, this factor, like all the others, also counsels in favor of denying Petitioner-Defendant's mandamus request.

## C.    A Writ of Mandamus is Not the Proper Avenue to Seek Judicial Reassignment and is Unwarranted

Tucked into the "Conclusion" section of Petitioner-Defendant's memorandum in support of his emergency petition is a request that this Court reassign Petitioner-Defendant's indicted case to a different District Judge in the Central District of California. *See* Def. Mem. at 8-9. In furtherance of his request, Petitioner-Defendant cites 28 U.S.C. § 455, which provides for the disqualification of a justice, judge, or magistrate judge. However, § 455 also specifically provides that "[a]ny justice, judge, or magistrate judge . . . shall disqualify <u>himself</u> in any proceeding in which his impartiality might reasonably be questioned" or if other circumstances are present. 28 U.S.C. § 455(a) (emphasis added).

Accordingly, Section 455 contemplates that the presiding judge "himself" (or herself) will decide in the first instance whether he (or she)

should be disqualified from a particular proceeding or matter. *See In re Basciano*, 542 F.3d 950, 955-56 (2d Cir. 2008) ("The district judge has discretion in the first instance to determine whether to disqualify himself. We will overturn the court's determination in that regard only if it constitutes an abuse of discretion."); *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981) ("We recognize that the analysis of allegations, the balancing of policies, and the resulting decision whether to disqualify are in the first instance committed to the district judge. And, since in many cases reasonable deciders may disagree, the district judge is allowed a range of discretion."); *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (§ 455 is "self-enforcing on the part of the judge," and "if the judge sitting on a case is aware of grounds for recusal within section 455, that judge has a duty to refuse himself or herself"); *Golden v. Kipperman*, 2019 U.S. Dist. LEXIS 203484, at *4 (S.D. Cal. Nov. 22, 2019) ("[Section 455] provides guidelines for judges to disqualify themselves *sua sponte*."). But just as is the case with his current challenge before this Court concerning his detention, Petitioner-Defendant is attempting to circumvent ordinary process and seek mandamus relief for an issue that should be addressed, first, through a motion to and decision by the

district court. *See, e.g., United States v. Smith*, 210 F.3d 760, 764 (7th Cir. 2000) ("The denial of a request that the judge recuse himself under section 455(a) must be appealed immediately by application for writ of mandamus, or it is waived."); *United States v. Mansoori*, 304 F.3d 635, 667 (7th Cir. 2002) (noting petition for mandamus (or lack thereof) following district court's ruling on § 455); *see also United States v. Fong*, 2021 U.S. App. LEXIS 33507, at *1 (9th Cir. Nov. 10, 2021) (granting government's motion to dismiss appeal of district court's denial of defendant's motion to recuse for lack of jurisdiction because district court's denial "is not a final judgment or an immediately appealable collateral order" and denying defendant's petition for mandamus because defendant failed to make showing for "extraordinary remedy of mandamus"). Consequently, this matter is not appropriately addressed at this time or in this posture.[6]

---

[6] The government notes that even on the merits as presented by Petitioner-Defendant, there is no basis for recusal, and Petitioner-Defendant does not make the requisite showing justifying mandamus— nor can he considering that the parties have not yet appeared before the District Court for even an initial appearance or any hearing.

27

## IV. CONCLUSION

This Court should dismiss Petitioner-Defendant's appeal because it is moot. Even if the Petition were not moot, it should be denied because the United States District Court for the Central District of California was the court of original jurisdiction in this matter and had the authority, pursuant to 18 U.S.C. § 3145, to revoke the pretrial release order of the arresting district and issue a warrant for Petitioner-Defendant's arrest and transportation to the Central District of California.

DATED: February 24, 2024          Respectfully submitted,

DAVID C. WEISS
Special Counsel

LEO J. WISE
Principal Senior Assistant Special
Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

Attorneys for Respondent
UNITED STATES OF AMERICA

29

## GOVERNMENT'S EXHIBITS

Exhibit 1 –    Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail, issued by the Honorable Daniel J. Albregts, United States Magistrate Judge, District of Nevada.

Exhibit 2 –    Order Setting Hearing on Government Motion For Review of Release Order, issued by the Honorable Otis D. Wright, II, United States District Judge, Central District of California.

Exhibit 3 –    Email from USMS Detention Management Coordinator dated Friday, February 23, 2024.

1

## DECLARATION OF DEREK E. HINES

I, Derek E. Hines, hereby declare and state as follows:

1.     I am a Senior Assistant Special Counsel with the United States Department of Justice and am one of the prosecutors assigned to the matters of *United States v. Alexander Smirnov*, D.C. No. 24-cr-00091, and *Alexander Smirnov v. United States District Court for the Central District of California*, C.A. No. 24-970.

2.     On Tuesday, February 20, 2024, United States Magistrate Judge Daniel J. Albregts issued an "Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail," which is attached as Exhibit 1.

3.     On Wednesday, February 21, 2024, at approx. 9:21 AM PST, I caused a true and correct copy of the Government's Application for Review of Magistrate Judge's Bail Order, ECF 11, to be served by email on Richard Schonfeld, Esq.

4.     On Thursday, February 22, 2024, the Honorable Otis D. Wright, II, United States District Judge, issued an "Order Setting Hearing on Government Motion For Review of Release Order," ECF 27, which is attached as Exhibit 2.

2

5.     Petitioner-Defendant was arrested by law enforcement on Thursday, February 22, 2024.  Exhibit 3 is a true and correct copy of an email exchange that I had with the Detention Management Coordinator of the United States Marshals Service on Friday, February 23, 2024, who stated, "[a]s of 7am this morning Detainee Smirnov is in the cellblock at USMS in LA."  The redactions in Exhibit 3 are of the name, suite number, cell phone number, and email address of the Detention Management Coordinator.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this the 24th day of February 2024, in the Commonwealth of Pennsylvania.

_____
DEREK E. HINES
Senior Assistant Special Counsel

3